IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSSEE DIVISION

**RISCHI[1] RAMDIAL,**

    **Plaintiff,**

vs.                         CASE NO. 4:20-CV-00516-TKW-MAF

**HUMANA INCORPORATED,**
et al.

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* (IFP). ECF No. 1, 5. In short, Plaintiff claims that his employer failed to reset cameras in the workplace and the sheriff did not conduct a proper investigation, which resulted in him not having evidence for his defense in the criminal case. ECF No. 1. For the reasons stated below, the case should be dismissed for Plaintiff's failure to comply with court orders, failure to state

---

[1] Plaintiff spells his name two different ways in his Complaint. On the cover page it is spelled as "Rishi" and is signed as "Rish." ECF No. 1, pp. 1, 14. The undersigned takes judicial notice of the Florida Department of Corrections (FDC) Corrections Offender Network website and the state's criminal cases, which spells Plaintiff's name as "Rischi." The Undersigned verified that the DC number on the Corrections Offender Network is the same as the one presented by Plaintiff in his complaint.

a claim, and because it is futile to amend. Plaintiff's litigation history warrants discussion.

## I.   Relevant Procedural History & Plaintiff's Complaint, ECF No. 1

Pursuant to Fed. R. Evid. 201, the Undersigned takes judicial notice of Plaintiff's convictions in certain criminal cases in Palm Beach County. Plaintiff, a prisoner at Madison Correctional Institution, is currently serving a five-year sentence as a result of his convictions[2] in Palm Beach County Case Nos. 50-2018-CF-007692 and 50-2018-CF-005901.[3] In Case No. 50-2018-CF-007692, following a voluntary plea on November 18, 2019, Plaintiff was adjudicated guilty of trafficking hydromorphine and oxycodone, attempted

---

[2] Inmate population information details from the FDC Corrections Offender Network are found at the following URL:

http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=N70676&TypeSearch=AI.

Accessed: Dec. 2, 2020.

[3] In Case No. 50-2018-CF-00590, Plaintiff was convicted of burglary with assault or batter, false imprisonment, and robbery by sudden snatching. See Palm Beach County's online criminal case record at the following URL:

https://applications.mypalmbeachclerk.com/eCaseView/search.aspx.

Accessed: Dec. 2, 2020.

Case No. 4:20-CV-00516-TKW-MAF

trafficking in hydrocodone, possession of a schedule IV substance and fentanyl, and grand theft.[4]

Plaintiff has not appealed his convictions nor has he sought state habeas relief. In short, Plaintiff's criminal convictions remain intact. Rather, than properly challenging his convictions, Plaintiff initiated the instant case pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff names the following defendants:

1. Humana Incorporated (Humana), in its official capacity;

2. Steve McDonald, Security Consultant for Humana, in his individual and official capacity;

3. Cesar Cedeno, Area Operations Manager for Humana, in his individual capacity and official capacity; and

4. Rick Bradshaw, Sheriff, Palm Beach County, Florida.

ECF No. 1, pp. 3-5.

Plaintiff was previously employed as a pharmacy technician with Humana. Id., p. 7. Plaintiff claims that his employer, Humana, deprived him of his constitutional protections and the ability to defend himself in a criminal proceeding because their video system was not working or reset for a period of eight months. Id. Plaintiff claims that the failure to maintain this

---

[4] Criminal case records may be found at the Palm Beach County Clerk at the following URL:   https://applications.mypalmbeachclerk.com/eCaseView/search.aspx.   Accessed: Dec. 2, 2020.

surveillance system amounts to negligence because, if it had been operating properly, he could have used the evidence at his criminal trial. Id. Plaintiff also claims that Chris Patelle, general counsel for Humana but not a named defendant, removed DVRs with evidentiary value from the Delray Beach and West Palm Beach locations and shipped them to Humana's home office in Kentucky. Id.

Plaintiff alleges that Defendant McDonald was negligent in failing to reset the security cameras at the Delray Beach and West Palm Beach locations in deprivation of his constitutional right to defend himself against criminal charges. Id., p. 8. Plaintiff also alleges that Defendant Bradshaw was negligent in ensuring that a thorough and proper criminal investigation was conducted. Id. Plaintiff claims that the investigation did not include locating fingerprints or DNA so that he could be cleared. Id. Plaintiff does not indicate which of his criminal cases were affected.

Plaintiff seeks "a judgment of negligence against Defendants and monetary damages" in the amount of $2,500,000 for lost wages due to his unlawful arrest, conviction, and subsequent felony record. ECF No. 9.

## II.  Standard of Review – Applicable Law for Screening

Because Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under

28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. § 1915A; see also Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (per curiam). Under both 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. See Wright v. Miranda, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. See Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "[t]o state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "To "[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright, 470 F. App'x at 694 (citing Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam)).

Complaints filed by *pro se* prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, although a *pro se* pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

## III. Discussion

### A. Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal

quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

Here, the Court granted Plaintiff leave to proceed IFP, in part; and Plaintiff failed to pay the initial partial filing fee of $60.00 by November 30, 2020. ECF No. 5. The Court warned Plaintiff that failure to do so would result in a recommendation of dismissal. Id., p. 4. Moreover, granting Plaintiff an extension of time to pay the fee in order to avoid dismissal would be futile because his complaint fails to state a claim upon which relief may be granted.

B. Futility of Claims under Heck v. Humphrey, 512 U.S. 477 (1994).

A prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. See Heck, 512 U.S. at 487. As the Supreme Court has noted, the most obvious example of an action barred by Heck is one in which the plaintiff seeks relief directly attributable to conviction or confinement.

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. See Heck, 512 U.S. at 487.

Here, Plaintiff was convicted pursuant to his guilty plea and the subsequent judgment of the state court. All of the convictions in Plaintiff's criminal cases remain intact. Thus, because Plaintiff alleges his conviction is unlawful because (1) his employer failed to conduct proper video surveillance of the workplace or removed surveillance video, which should have been used as evidence for his defense in his criminal case and (2) the defendant sheriff failed to conduct a proper criminal investigation could render his conviction invalid, Plaintiff's claims are barred by Heck and should be dismissed.

C. Claims against Non-State Actors are Not Cognizable under Section 1983.

Plaintiff's Complaint is also subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham v.

y

Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). In a § 1983 action, "[a] person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (internal citation omitted). Humana; Steve McDonald, Humana's security consultant; and Cesar Cedeno, Humana's area operations manager, are all private parties. They are not state actors for Section 1983 purposes nor can they be considered to have acted in concert with state actors. Therefore, Plaintiff fails to state a claim against these defendants and dismissal is warranted.

However, any state tort claims for negligence against these defendants may not be necessarily barred from consideration by this Court if brought forth in a proper action.

## IV.  Conclusion and Recommendation

It is respectfully RECOMMENDED that this case be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b) as it fails to state a claim upon which relief can be granted and is otherwise barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Alternatively, the Court may dismiss the case for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1 and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an

extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is also recommended that the case be CLOSED. Finally, it is recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IN CHAMBERS at Tallahassee, Florida, on December 2, 2020.

**/s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).